UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISAAC KEITH JONES, #350450,

    Plaintiff,                                            Case Number 2:22-CV-11843

v.                                                   HON. BERNARD A. FRIEDMAN

HEIDI WASHINGTON, ET AL.,

    Defendants.
_____/

## **OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL**

### I.   **Introduction**

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. Michigan prisoner Isaac Keith Jones, currently on parole,[1] brings claims arising from an alleged physical assault by Corrections Officer Robertson that resulted in injuries to Jones's back and legs in September 2019 while he was confined at the Thumb Correctional Facility ("TCF"), the ensuing investigation of that incident, and his subsequent medical care and accommodation in prison. Jones names Michigan Department of Corrections ("MDOC") Director Heidi Washington; Governor Gretchen Whitmer; Administrator of Executive Affairs Kathy L. Warner; Deputy Director McKee; Assistant Deputy Director Rapelje; Wardens Willis Chapman,

---

[1] Jones was confined in prison at the time he instituted this action but was released on parole in October 2022.

1

Chandler Cheeks, and Fredeane Artis; TCF Grievance Coordinator R. Buhl; Internal Affairs Investigator Stephen Marschke; Michigan State Police ("MSP") Officer Eric Shumaker (Lapeer Post); Healthcare Staff Respondent R.N. Sabrina Aikons (Jackson Prison); Inspector Douglas (TCF); Deputy Warden Scott Schooley (TCF); Corrections Officers Botos, Robertson, Beacoats, Taneyhill, Tony Poli, Cuiba, Thurlow, and May (all TCF); Nurse Dawn M. Krocho-Copley (TCF); Health Unit Manager Janet Nixon (TCF); Physician Assistant Gina Couturier (TCF); Assistant Deputy Wardens M. McDonald and Carter (both TCF); Captain J. Henderson (TCF); Christine Winnie (TCF); Ombudsman Analysts Alexis Noffke and Keith Barber; R.N. Jodi McClellan (TCF); MSP Colonel Joseph M. Gasper; MSP Deputy Sergeant Amy Hofmeister; Inspector M. Hohn (TCF); Lieutenants Brownlee and Ex (both TCF); Sergeants Harden, Eddy, and Hartwell (all TCF); Psychologist Paul Van Heulen (TCF); Carli Buhl, CB-13 (TCF); and EI-Amin (TCF) as the defendants in this action and sues them in their individual and official capacities. (ECF No. 1, PageID. 1-2). He seeks declaratory and injunctive relief, as well as monetary damages. (*Id.*, PageID.9-10). The Court has granted Jones leave to proceed without prepayment of the filing fee for this action pursuant to 28 U.S.C. § 1915(a)(1). (ECF No. 14).

II.  **Standard of Review**

Under the Prison Litigation Reform Act of 1996, the Court is required to sua sponte dismiss an in forma pauperis complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Id.* Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me

3

accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id*. (cleaned up). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*. (cleaned up). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (cleaned up).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978). A plaintiff must also allege that the deprivation of rights was intentional. *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986). A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite this liberal pleading standard, the Court finds that the civil rights complaint is subject to dismissal in part.

### III. Discussion

#### A. Supervisory Liability Claims

Jones alleges that several defendants, e.g., defendants Whitmer, Washington, Warner, McKee, and Rapelje, should be liable for the conduct of others and for failing to properly supervise employees. Such claims must be dismissed. It is well-

settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and that liability cannot be based upon a theory of respondeat superior or vicarious liability. *Turner v. City of Taylor*, 412 F.3d 629, 643 (6th Cir. 2005) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Any assertion that those defendants (or any defendants) failed to supervise an employee, should be vicariously liable for another's conduct, failed to investigate the incident, or did not properly respond to Jones's complaints is insufficient to state a civil rights claim. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

Jones also fails to allege facts showing that any injury he suffered is the result of any policy or regulation, or that any improper conduct arose from the deliberate failure to adequately investigate or train employees. *See Ellis ex rel. Pendergrass v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (setting forth three-part test for such claims). Rather, he alleges in his complaint that the defendants violated MDOC and prison policies. His claims of liability against supervising officials are also conclusory. It is well-established that conclusory allegations are insufficient to state a civil rights claim. *Iqbal*, 556 U.S. at 678. Any claims against

the defendants based upon a theory of supervisory liability or for failure to properly respond to the alleged incident must be dismissed for failure to state a claim upon which relief may be granted.

### B. Prison Investigation and Grievance Denial Claims

Jones also alleges that certain defendants, e.g., defendants McDonald, Henderson, Buhl, Aikons, Douglas, Schooley, Krocho-Copley, Couturier, Nixon, Whitmer, Washington, Warner, McKee, and Rapelje, violated his rights by failing to properly investigate the incident, falsifying documents, and denying his grievances. Such claims must be dismissed. The First Amendment guarantees "the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I. While a prisoner has a First Amendment right to file grievances against prison officials, *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), the First Amendment does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a petition for redress of grievances. *Smith v. Arkansas State Hwy. Emps., Local 1315*, 441 U.S. 463, 464-65 (1979); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views.").

An inmate does not have a constitutionally protected interest in unfettered access to a grievance procedure or the right to an effective procedure. *Walker v.*

*Michigan Dep't Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003). In so far as Jones is dissatisfied with the investigation of the incident and the responses to his grievances, he fails to state a claim upon which relief may be granted. *See Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003). A failure to investigate another person's alleged constitutional violation "do[es] not constitute active constitutional behavior as required and thus, [is] not actionable" under § 1983. *Frodge v. City of Newport*, 501 F. App'x 519, 532 (6th Cir. 2012) (cleaned up). In other words, a prison official's purported failure to investigate or take corrective action does not constitute personal involvement in the underlying alleged unconstitutional conduct. *See Knop v. Johnson*, 977 F.2d 996, 1014 (6th Cir. 1992); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Jones thus fails to state a claim against any of the defendants concerning the investigation of the incident and the denial of his grievances.

C. **Failure to Properly Investigate, Arrest, and Prosecute Claims**

Jones also alleges that the MSP defendants, e.g., defendants Shumaker, Gasper, and Hofmeister, violated his rights by failing to investigate, make an arrest, and prosecute a criminal case. He relatedly alleges that defendants Douglas, Schooley, Krocho-Copley, Couturier, and Nixon falsified documents and that defendant Douglas tampered with witnesses and evidence to destroy the criminal case. Such claims must be dismissed. Criminal statutes do not create private rights

of action. Jones does not have standing to file a criminal complaint. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 64 (1986) (cleaned up). Private citizens, whether or not they are incarcerated, cannot compel the criminal prosecution of another. *See id*. at 64–65. Decisions regarding who to criminally prosecute and what charges to bring rest within a prosecutor's discretion. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). Additionally, a private citizen has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime. *See, e.g.*, *White v. City of Toledo*, 217 F. Supp. 2d 838, 841 (N.D. Ohio 2002). Jones thus fails to state a claim upon which relief may be granted against the defendants as to such matters.

D. **Conspiracy Claim**

Jones also alleges that all of the defendants engaged in a conspiracy, including that defendants Chapman, Douglas, Botos, and Robinson "planned" the assault allegedly committed by defendant Robinson. To state a conspiracy claim under § 1983, a plaintiff must allege facts to show: (1) a single plan, (2) that the alleged co-conspirator shared in the general conspiratorial objective, and (3) that an overt act was committed in furtherance of the conspiracy that deprived the plaintiff of his civil rights. *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985). A plaintiff must plead the conspiracy with "some degree of specificity." *Gutierrez v. Lynch*, 826 F.2d

1534, 1538 (6th Cir. 1987). Jones's allegations of conspiracy are vague, conclusory, and unsupported by material facts. Conclusory allegations are insufficient to state a civil rights claim under § 1983, including a conspiracy claim. *See Moldowan v. City of Warren*, 578 F.3d 351, 395 (6th Cir. 2009). Jones thus fails to state a claim upon which relief may be granted against the defendants as to this issue.

### E. **MDOC Policy Violations and State Law Claims**

Jones also seems to allege that the defendants violated MDOC policies and procedures and state law. Such claims must be dismissed. Section 1983 provides a remedy for violations of federal law, not prison policy or state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Alleged violations of MDOC policy or Michigan law do not rise to the level of a violation or deprivation of a federal constitutional right cognizable under § 1983. *See Grinter v. Knight*, 532 F.3d 567, 574 (6th Cir. 2008) ("failing to follow proper procedures is insufficient to establish an infringement of a liberty interest"); *Laney v. Farley*, 501 F.3d 577, 580 n. 2 (6th Cir. 2007). Jones's claims alleging violations of MDOC policies or procedures or violations of Michigan law fail to state a claim upon which relief may be granted under § 1983.[2]

---

[2] While such allegations may perhaps be actionable under Michigan law, they do not provide a basis for relief in federal court. Consequently, any state law claims are dismissed without prejudice to those claims being brought in state court. The Court declines to exercise pendant jurisdiction over any state law claims.

F. **Retaliation Claim**

Jones also alleges that the defendants retaliated against him. To state a retaliation claim, a plaintiff must allege: (1) that he engaged in protected conduct, (2) that an adverse action was taken against him that would "deter a person of ordinary firmness from continuing to engage in that conduct," and (3) that the adverse action was motivated by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). The plaintiff bears the burden of proof on all three elements. *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001).

To the extent that Jones generally alleges that "all of the defendants" retaliated against him, he fails to meet the foregoing standards and fails to state a claim upon which relief may be granted because such statements are vague and non-specific. As discussed, conclusory allegations are insufficient to state a civil right claim under § 1983. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57.

To the extent that Jones alleges that the defendants retaliated against him by verbally harassing him or "threatening" him with physical violence, he fails to allege facts which show adverse action. A verbal threat does not constitute an adverse action sufficient to maintain a claim of unlawful retaliation. *Taylor v. City of Falmouth*, 187 F. App'x 596, 600 (6th Cir. 2006). Verbal threats and abuse made in retaliation for filing grievances are not actionable. *Carney v. Craven*, 40 F. App'x

48, 50 (6th Cir. 2002). Jones thus fails to state a claim upon which relief may be granted as to this issue.

Jones however also alleges that corrections officers (identified in the caption as defendants Botos, Robertson, Beacoats, Taneyhill, Poli, Cuiba, Thurlow, and May) retaliated against him for filing grievances following the incident by conducing excessive or unauthorized room shakedowns, scattering his property and legal work, taking paperwork and commissary items from his cell, denying him a food tray, refusing to call healthcare when needed, and writing false tickets against him. Such allegations state potential, plausible claims for retaliation. Consequently this portion of his retaliation claim (and corresponding defendants) survive the initial screening process and are not subject to summary dismissal.

G. **Assault and Medical Care and Accommodation Claims**

Jones's remaining claims against defendant Robinson concerning the alleged physical assault and against the "TCF Healthcare Staff" (identified in the caption as defendants Krocho-Copley, Nixon, Couturier, and McClellan) concerning the alleged denial of proper medical care and accommodation, namely pain medications and an air mattress, state potential, plausible claims for relief under § 1983. Consequently, those claims (and corresponding defendants) survive the initial screening process and are not subject to summary dismissal.

H. **Eleventh Amendment Immunity**

The defendants, who are employees of the State of Michigan, the MDOC, and the MSP, are entitled to Eleventh Amendment immunity on Jones's claims against them in their official capacities. The Eleventh Amendment to the United States Constitution bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Dep't State Police*, 491 U.S. 58, 66 (1989). The State of Michigan has not consented to being sued in civil rights actions in the federal courts, *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), and Congress did not abrogate state sovereign immunity when it enacted 42 U.S.C. § 1983, *Quern v. Jordan*, 440 U.S. 332, 341 (1979). "Eleventh Amendment immunity bars all suits, whether for injunctive, declaratory or monetary relief" against a state and its agencies but does not preclude prospective injunctive relief. *McCormick v. Miami Univ.*, 693 F.3d 654, 661-62 (6th Cir. 2012) (cleaned up). Eleventh Amendment immunity also applies to state employees who are sued in their official capacities. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).

The State of Michigan and the MDOC and the MSP, agencies within the Michigan government, are entitled to Eleventh Amendment immunity. *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013). The defendants who are employees of the State of Michigan and are sued (in part) in their official capacities, are thus

entitled to Eleventh Amendment immunity. *Will*, 491 U.S. at 70-71. Jones's claims for monetary damages and non-prospective injunctive relief against the defendants in their official capacities must therefore be dismissed

IV. **Conclusion**

For the reasons stated, the Court concludes that Jones fails to state a claim upon which relief may be granted as to his claims of supervisory liability, the alleged failure to properly investigate the incident and the denial of his prison grievances, the alleged failure to properly investigate, make an arrest, or prosecute a criminal case, conspiracy, retaliation (in part), and violations of MDOC policy and procedure and state law. Accordingly, the Court dismisses those claims and the corresponding defendants (that is: all of the defendants except for those specified below) from this action.

The Court also concludes that the defendants are entitled to Eleventh Amendment immunity. Accordingly, the Court dismisses the claims for monetary damages and any non-prospective injunctive relief against the defendants in their official capacities.

The Court further concludes that Jones states plausible claims for relief under § 1983 against the defendant corrections officers (identified in the caption as defendants Botos, Robertson, Beacoats, Taneyhill, Tony Poli, Cuiba, Thurlow, and May) for retaliation, against defendant Robertson for the alleged assault, and against

13

the TCF Healthcare Staff (identified in the caption as defendants Krocho-Copley, Nixon, Couturier, and McClellan) for the alleged denial of proper medical care and accommodation which survive the Court's initial screening process. While Jones may or may not prevail on those claims, he states potential claims for relief such that those claims and corresponding defendants are not subject to summary dismissal.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Dated: January 30, 2023
Detroit, Michigan

s/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on January 30, 2023.

**Isaac Keith Jones** #350450
805 St Clair
Pontiac, MI 48340

s/Johnetta M. Curry-Williams
Case Manager

14