UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISAAC KEITH JONES (#350450),

    Plaintiff,

v.

HEIDI WASHINGTON, *et al.*,

    Defendants.

_____/

Case No. 2:22-cv-11843
District Judge Bernard A. Friedman
Magistrate Judge Anthony P. Patti

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DISMISS WITH PREJUDICE FOR FAILURE TO SHOW CAUSE, TO NOTIFY THE COURT OF A CURRENT ADDRESS, AND TO PROSECUTE

**I. RECOMMENDATION**: The Court should dismiss with prejudice Plaintiff's action pursuant to Federal Rule of Civil Procedure 41(b) and Eastern District of Michigan Local Rules 11.2 and 41.2 for failure to show cause, to notify the Court of his current address, and to prosecute.

**II. REPORT:**

    **A.    Background**

Plaintiff Isaac Jones, a former state prisoner[1] proceeding without the assistance of counsel, filed the instant action on August 10, 2022. (ECF No. 1.) Plaintiff brings forth a civil rights case pursuant to 42 U.S.C. § 1983, with claims arising from an alleged physical assault and his subsequent medical care while incarcerated. (ECF No. 1, PageID.3-9.) Jones filed these claims against a multitude of defendants, most of whom have been dismissed by the Court; however, twelve defendants remain. (ECF No. 18, PageID.186.) Judge Friedman referred this case to me for all pretrial matters on May 8, 2023. (ECF No. 36.)

On May 17, 2023, seven defendants filed a motion for summary judgement (ECF No. 37), to which Plaintiff has not responded, despite an order requiring a response by June 16, 2023 (ECF No. 38). Likewise, Plaintiff has failed to respond to the Court's order for Plaintiff to "show cause in writing why this case should not be dismissed for Plaintiff's failure to prosecute" (ECF No. 41, PageID.407), which required a response by July 7, 2023. That order directed Plaintiff's attention to Local Rule 11.2, and expressly cautioned him "<u>that a failure to respond to this order may result in the Undersigned's recommendation that the case be dismissed with prejudice, consistent with Fed. R. Civ. P. 41(b) ("Involuntary Dismissal; Effect.")</u>." (*Id.* (emphasis in original)). Unfortunately, the docket reflects that,

---

[1] Plaintiff was released on parole on October 4, 2022. *See* www.michigan.gov/corrections, "Offender Search."

beginning on May 24, 2023, documents mailed to Plaintiff at his address of record have been returned as undeliverable. (*See* ECF Nos. 39, 40, 42.) Not surprisingly, to date, Plaintiff has neither responded to the show cause order nor to the motion for summary judgment.

    **B.**     **Standard**

E.D. Mich. Local Rule 11.2 provides that:

> Every attorney and every party not represented by an attorney must include his or her contact information consisting of his or her address, e-mail address, and telephone number on the first paper that person files in a case. If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information. The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs.

Federal Rule of Civil Procedure 41(b) and Local Rule 41.2 authorize involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R. Co.*, 370 U.S. 626, 629-32 (1962)). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion Cnty. Gen Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (affirming district court's *sua sponte* dismissal pursuant to Rule 41(b)). Indeed, the "authority of a

federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-30; *see also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link*, 370 U.S. at 629-32); *Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have power under [Fed. R. Civ. P. 41(b) ] to enter a *sua sponte* order of dismissal.").

The United States Court of Appeals for the Sixth Circuit directs district courts to consider the following factors in deciding whether to dismiss under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (citation omitted). Although none of the factors is "'outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Id*. (quoting *Knoll*, 176 F.3d at 363).

Notwithstanding the Court's reasonable efforts to reach Plaintiff, it has lost contact with him. Plaintiff has failed to comply with the Court's show cause order and has failed to otherwise prosecute this case since his October 21, 2022 notice of change of address. (ECF No. 17.) Indeed, his two earlier changes of address make clear that Plaintiff was well aware of his obligations under Local Rule 11.2. (ECF Nos. 16, 17.)

### C. Discussion

The record clearly demonstrates that dismissal for failure to prosecute is appropriate here. Plaintiff has failed to notify the Court of his current address, resulting in the inability of the defendants and the Court to communicate with Plaintiff at all, or for Plaintiff to participate in his own lawsuit. As a result of this failure, three of the Court's orders have been returned as undeliverable, one of which provided a deadline to respond to the pending dispositive motion and another of which cautioned that a failure to respond might result in the Undersigned's recommendation that the case be dismissed with prejudice, consistent with Fed. R. Civ. P. 41(b). (*See* ECF Nos. 39, 40, 41.)

Accordingly, I conclude that no alternative sanctions beyond dismissal would help the Court effectively manage its docket and avoid unnecessary burdens on the Court and opposing parties, and **RECOMMEND** that the Court **DISMISS**

Plaintiff's actions with prejudice under Fed. R. Civ. P. 41(b), E.D. Mich. LR 41.2, and E.D. Mich. LR 11.2.[2]

## III.  PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an

---

[2] Alternatively, if the Court prefers to dismiss the matter *without* prejudice, I recommend, pursuant to Fed. R. Civ. P. 42(c)(1), that the refiling of this case be conditioned upon payment of $1000.00 in costs associated with the efforts expended in this matter.

objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: July 14, 2023

                      Anthony P. Patti
                      UNITED STATES MAGISTRATE JUDGE